UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICK ROCK<br><br>                                        Plaintiff,<br><br>    - against -<br><br>COMPLEX MEDIA, INC.<br><br>                                        Defendant. | Docket No. _____<br><br>JURY TRIAL DEMANDED |

# COMPLAINT

Plaintiff Mick Rock ("Rock" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Complex Media, Inc. ("Complex") hereby alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for copyright infringement under Section 501 of the Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a photograph of American musician, singer and songwriter Lou Reed owned and registered by Rock, a legendary British music photographer. Accordingly, Rock seeks injunctive and monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2.      This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.      This Court has personal jurisdiction over Defendant because Defendant resides in and/or are transacting business in New York and is registered to do business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Rock is a well-known music photojournalist that has photographed rock and roll legends such as David Bowie, Queen, Iggy Pop, The Stooges, The Ramones and numerous other iconic bands. Rock has a usual place of business at 28 Livingston Court, Staten Island, New York 10310.

6. Upon information and belief, Complex is a foreign business corporation duly organized and existing under the laws of the State of the Delaware, with a place of business at 1271 6th Avenue, New York, New York 10020. Upon information and belief, Complex is registered with the New York Department of State, Division of Corporations to do business in the State of New York. At all times material hereto, Complex has owned and operated the website: www.Complex.com (the "Website").

## STATEMENT OF FACTS

**A.     Background and Plaintiff's Ownership of the Photograph**

7. Rock photographed guitarist, vocalist and principal songwriter of Velvet Underground, Lou Reed (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

8. Rock is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

9. The Photograph was registered with United States Copyright Office and was given Copyright Registration Number VA 1-766-990.

**B.     Defendant's Infringing Activities**

10. Upon information and belief, Complex ran an article on the Website entitled *The 50 Most Stylish Rock Stars of All Time.* See http://www.complex.com/style/2013/01/the-50-most-stylish-rock-stars-of-all-time/. The article prominently featured the Photograph on the Website. A true and correct copy of the Photograph on the Website is attached hereto as Exhibit B.

11. Complex did not license the Photograph from Plaintiff for its article, nor did Complex have Plaintiff's permission or consent to publish the Photograph on its Website.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST COMPLEX)**
**(17 U.S.C. §§ 106, 501)**

12. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-11 above.

13. Complex infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the the Photograph on the Website. Complex is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

14. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

15. Upon information and belief, the foregoing acts of infringement by Complex have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

16. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

17.     Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photograph, pursuant to 17 U.S.C. § 504(c).

18.     Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

19.     Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting further infringement of Plaintiff's copyrights and exclusive rights under copyright.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Complex be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. That Defendant, and their officers, directors, employees, agents, representatives, affiliates, subsidiaries, distributors, licensees and all persons or entities acting in concert or participation with Defendant, be enjoined from copying, reproducing, distributing, adapting, or publicly displaying Plaintiff's Photograph, pursuant to 17 U.S.C. § 502.

3. Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

5. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

6. That Plaintiff be awarded pre-judgment interest; and

7. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
November 25, 2016

LIEBOWITZ LAW FIRM, PLLC

By: /s/ Richard Liebowitz
Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff Mick Rock*